UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
––––––

JOSHUA MICHAEL MARCHANT,

               Plaintiff,                           Case No. 1:07-cv-1068

v.                                            Honorable Robert Holmes Bell

BARBARA S. SAMPSON et al.,

               Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

## Discussion

### I.      Factual allegations

Plaintiff is currently incarcerated at Florence Crane Correctional Facility (ACF).  In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, Michigan Parole Board (MPB) Chair Barbara Sampson and MPB member Stephen DeBoer. Plaintiff alleges violations of the Due Process Clause, Ex Post Facto Clause, and Equal Protection.

Plaintiff was found guilty by a jury in Oakland County Circuit Court on February 6, 2006, for possession of less than 25 grams of cocaine, in violation of MICH. COMP. LAWS § 333.7403(2)(a)(v). (Compl. at 4, docket #1.)  He was sentenced on March 7, 2006, to a term of incarceration of 18 months to 15 years.  On May 21, 2007, Plaintiff was given a parole hearing by Defendant DeBoer, which resulted in the denial of parole and a 60-month continuance before consideration for parole would be given again.  (*Id.* at 6.)  Plaintiff asserts that the decision to deny his parole is based upon an August 15, 2005 revision to Policy Directive 06.05.104.  (*Id.* at 6.) Plaintiff also alleges that he was denied due process because Defendants relied upon false information regarding the presence of a firearm during his offense and a non-existent juvenile criminal history. (Compl. at 10-11.)

Plaintiff seeks declaratory and injunctive relief "sufficient to compel Defendants to comply with federal law by affording Plaintiff with fair, meaningful, accurate, and appropriate parole considerations" under Michigan's parole statutes, policies and federal law.  (Compl. at 13.) Plaintiff also seeks injunctive relief to ensure that Defendants continue to comply with federal law in the future.  (*Id.* at 14.)

II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a

- 3 -

state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; rather, he seeks a new parole hearing. Because success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, his action does not appear to be *Heck*-barred. *See Wilkinson*, 544 U.S. at 82.

Assuming that Plaintiff's action is cognizable under § 1983, however, it fails to state a claim as set forth herein.

### A.    Ex Post Facto

Plaintiff contends that Defendants' decision to deny his parole was in violation of the Ex Post Facto Clause because it was based upon an August 15, 2005 revision to Policy Directive 06.05.104. (*Id.* at 6.) The Constitution's Ex Post Facto Clause prohibits the enactment of any law that "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." *Collings v. Youngblood*, 497 U.S. 37, 43 (1990). The amendment to the policy directive that Plaintiff asserts violated the Ex Post Facto Clause occurred before the date of his conviction, and, for that matter, before the date the offense occurred. Additionally, the Michigan statute under which Plaintiff was convicted has not been amended since April 1, 2003, almost three years before Plaintiff's conviction. Therefore, Plaintiff's claims are utterly frivolous, and the denial of parole could not possibly implicate the Ex Post Facto Clause.

### B.    Due Process

Plaintiff claims that Defendants violated his due process rights in denying parole to him and relying on false or inaccurate information during the parole proceedings. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, __ F.3d __, 2007 WL 2768384, at *4 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and, thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817,

2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiff argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at *1. Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Plaintiff has no liberty interest in the parole proceedings; therefore, he fails to state a claim for a violation of his procedural due process rights.

To the extent Plaintiff alleges that Defendants relied on false information in denying his parole, Plaintiff also fails to state a claim. Because Plaintiff has no liberty interest in being

paroled, he cannot show that the false information was relied upon to a constitutionally significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Therefore, Plaintiff fails to state a claim for a violation of his due process rights arising from the denial of his parole.

## C.    Equal Protection

Plaintiff appears to assert a claim that he has been treated differently from other prisoners eligible for parole because he is suspected of having "firearm involvement" in the underlying offense. (Compl. at 13.) The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST., amend XIV; *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). The Equal Protection Clause does not forbid all classifications, but simply prevents governmental decision makers from treating differently persons who are similarly situated in all

- 7 -

relevant respects.  *Cleburne*, 473 U.S. at 439; *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) (the Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally.").

"Strict scrutiny of an alleged equal protection violation is only employed if the classification at issue discriminates on the basis of a suspect criterion or impinges upon a fundamental right." *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000).  The Michigan legislation does not implicate a fundamental right because there is no constitutional right to release on parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994).  In addition, prisoners are not a suspect class.  *Hadix*, 230 F.3d at 843; *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997); *see also Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997) (dismissing as "completely unsupported" the idea that prisoners are a suspect class).

Thus, in order to establish an equal protection violation, Petitioner must show that the Michigan scheme differentiates between similarly situated persons and is not rationally related to any conceivable legitimate legislative purpose.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Hadix*, 230 F.3d at 843.  Under this standard,

> the statute will be afforded a strong presumption of validity and must be upheld as long as "there is a rational relationship between the disparity of treatment and some legitimate government purpose." *Heller v. Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 2643, 125 L. Ed. 2d 257 (1993).  The government has no obligation to produce evidence to support the rationality of its statutory classifications and may rely entirely on rational speculation unsupported by any evidence or empirical data.  *See FCC v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S. Ct. 2096, 2098, 124 L. Ed. 2d 211 (1993).  The legislature is not even required to articulate any purpose or rationale in support of its legislation.  *See Nordlinger v. Hahn*, 505 U.S. 1, 15, 112 S. Ct. 2326, 2334, 120 L. Ed. 2d 1, (1992).  Consequently, plaintiffs bear the heavy burden of "negativ[ing] every conceivable basis which might support [the

- 8 -

legislation], . . . whether or not the basis has a foundation in the record." *Heller*, 509 U.S. at 320, 113 S. Ct. at 2643.

*Hadix*, 230 F.3d at 843.

Plaintiff's equal protection claim fails because the classification survives rational basis review.

> [U]nder rational basis review, . . . the classification need not be the most narrowly tailored means available to achieve the desired end. . . . The statute need not be the best possible reaction to the perception, nor does the perception itself need to be heavily buttressed by evidentiary support. It is enough that the perceived problem is not obviously implausible and the solution is rationally suited to address that problem.

*Zehner*, 133 F.3d at 463 (rejecting prisoners' argument that 42 U.S.C. § 1997e(e) violates equal protection by limiting relief which may be sought by prisoners). Where there are "plausible reasons" for the legislature's action, a court's inquiry is at an end; "[i]t is, of course, 'constitutionally irrelevant whether this reasoning in fact underlay the legislative decision[.]'" *U.S. R.R. Bd. v. Fritz*, 449 U.S. 166, 179 (1980) (quoting *Flemming v. Nestor*, 363 U.S. 603, 612 (1960)).

"The purpose of parole is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime." *People v. Gregorczyk*, 443 N.W.2d 816, 821 (Mich. Ct. App. 1989) (citation omitted). Protection of public safety is a stated purpose of Michigan's parole statutes. *Hopkins v. Mich. Parole Bd.*, 604 N.W.2d 686, 689 (Mich. Ct. App. 1999) ("First and foremost, [the Parole Board] may not grant a prisoner liberty on parole until it 'has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety'") (quoting MICH. COMP. LAWS § 791.233(1)(a)). Preventing the early release of potentially violent inmates is

- 9 -

a legitimate governmental interest.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (affirming rejection of equal protection challenge raised by § 2241 petitioner; Bureau of Prisons rule which provided that inmates having prior convictions for homicide, forcible rape, robbery, or aggravated assault were not eligible for early release was "rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates").

In addition, Michigan's statutory scheme furthers the rights of victims, *see* MICH. COMP. LAWS § 780.771, which is also a legitimate and rational state purpose. *Johnson v. Rodriguez*, 110 F.3d 299, 307 n.11 (5th Cir. 1997) (reversing district court finding that Texas parole scheme violated prisoners' equal protection rights).    Finally, Michigan's parole statutes also include economic considerations, which are a legitimate government interest. *See Franciosi v. Mich. Parole Bd.*, 586 N.W.2d 542, 546 (Mich. Ct. App. 1998) (holding that MICH. COMP. LAWS §791.236(6), which prohibited attorneys from representing prisoners at parole release hearings, was rationally related to legitimate economic considerations), *aff'd*, 604 N.W.2d 675 (Mich. 2000).

There are numerous factors and considerations used by the Michigan Parole Board in determining whether parole is appropriate.  Consideration of the nature of the particular offense of an inmate or his use of a firearm during the commission of an offense are both proper considerations.  Additionally, Plaintiff has failed to show that he has been denied parole while another inmate, similarly situated in all respects, was granted parole.  Therefore, Plaintiff's claim is insufficient to state a claim on which relief may be granted.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  November 29, 2007                    /s/  Joseph G. Scoville
                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).